UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HUGUELY,

                   Petitioner,                   Case No. 1:14-cv-240

v.                                                   Honorable Gordon J. Quist

CARMEN PALMER,

                   Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

### Discussion

I.    Factual allegations

Petitioner Dennis Huguely is a state prisoner incarcerated at the Michigan Reformatory. In 2011, he was convicted of home invasion, Mich. Comp. Laws § 750.110a(3), and was sentenced as a habitual offender to life in prison. He appealed his conviction, claiming (1) that he was denied effective assistance of counsel because counsel prevented him from presenting his theory of a defense to the jury and (2) that his sentence was unconstitutional because it was cruel and unusual and disproportionate to his offense. On July 7, 2012, the Michigan Court of Appeals remanded for resentencing, noting that the trial court did not give sufficient reasons for departing from the sentencing guidelines, but otherwise affirmed the trial court's judgment. Petitioner then sought further review by the Michigan Supreme Court, raising the same two claims, as well as an additional claim that he was denied equal protection and the effective assistance of appellate counsel because neither his appellate counsel nor the court provided him with copies of trial and sentencing transcripts to allow him to formulate issues for appeal. The circuit court subsequently issued a new sentence of 11 to 30 years' imprisonment on October 16, 2012, and the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 20, 2012. Petitioner was appointed counsel to appeal the new sentence, but his appeal was dismissed as untimely on April 22, 2013.

In Ground I of his habeas application, Petitioner asserts same claim regarding the ineffective assistance of his trial counsel that he raised on appeal. In Ground II, he asserts that his new sentence is unconstitutional because it is disproportionate to his offense and because he is being charged for the cost of his incarceration. In Ground III, he asserts that he was denied equal protection and the effective assistance of appellate counsel because neither his appellate counsel nor the court provided him with copies of trial and sentencing transcripts to allow him to formulate

issues for appeal.  Grounds II and III have not been presented on appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.

II.    Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  As indicated, Petitioner has not presented Grounds II and III of the petition to all levels of the state's appellate system.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this

application.  He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion.  Petitioner claims that he cannot exhaust his claims because he cannot access the trial and sentencing transcripts from his circuit court proceedings.  However, his trial and sentencing transcripts are not necessary for him to argue that his new sentence is disproportionate to his offense (ostensibly raising arguments similar to those that he raised when challenging his original sentence), to challenge the fact that he is being charged for his incarceration, or to raise the fact that neither the state court nor his appellate counsel would provide him with copies of the requested transcripts.  Therefore, the Court concludes that he has at least one available state court remedy.  In order to properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court.  If his motion is denied by that court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has one claim that is exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

-4-

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

      Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's new sentence issued on October 16, 2012. Thereafter, Petitioner filed an untimely appeal of right, under Mich. Ct. R. 7.204(A)(2), but apparently he did not file a late application for leave to appeal in accordance with Mich. Ct. R. 7.205(G). Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the additional period in which he could have sought review in the Michigan Supreme Court, or the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a criminal defendant has six months in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Consequently, Petitioner's judgment of conviction and sentence became final on April 16, 2013. Accordingly, he had one year, until

April 16, 2014, in which to file his habeas petition.  Petitioner filed before expiration of the limitations period, but that period is now expired.

        The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).  In the instant case, Petitioner would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations.  As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition.  *Palmer*, 276 F.3d at 781.

        The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.  Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claim regarding the ineffective assistance of his trial counsel.

An Order consistent with this Opinion will be entered.


Dated:  April 30, 2014                                            /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE